## IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Catherine Beckwith, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | No. 4:12-cv-0108 |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| The Pennsylvania State University d/b/a | : | |
| Pennsylvania State University, College of | : | |
| Medicine | : | |
| | : | |
| Defendant. | : | |

## <u>DEFENDANT'S,  THE PENNSYLVANIA STATE UNIVERSITY D/B/A PENNSYLVANIA STATE UNIVERSITY, COLLEGE OF MEDICINE, ANSWER TO THE COMPLAINT WITH AFFIRMATIVE DEFENSES</u>

Defendant,  The Pennsylvania State University d/b/a Pennsylvania State University, College of Medicine (hereinafter referred to as "Penn State"), by and through its attorneys, White and Williams LLP, hereby files and serves this Answer to the Complaint with Affirmative Defenses and avers to the correspondingly numbered paragraphs as follows:

### INTRODUCTION

1.      It is admitted that this lawsuit was filed on behalf of Plaintiff setting forth the allegations contained in Paragraph 1.  It is specifically denied that Plaintiff was denied an adequate and fair tenure review process which resulted in

termination of her opportunities as a tenure track Associate Processor, in violation of Penn State's own internal policies, HR 23 and HR 40, Penn State's contract with Plaintiff, and Plaintiff's Constitutional right to procedural due process under 42 U.S.C. § 1983 as afforded by and through the Fifth and Fourteenth Amendment to the United States Constitution.

**PARTIES**

2.    Admitted upon information and belief.

3.    Denied as stated.

4.    Denied as stated.

5.    Paragraph 5 contains conclusions of law to which no responsive pleading is required.  To the extent Paragraph 5 contains factual allegations, they are denied.

**JURISDICTION AND VENUE**

6.    Defendant incorporates its responses to Paragraphs 1 through 5 as though fully set forth at length herein.

7.    Paragraph 7 contains conclusions of law to which no responsive pleading is required.  To the extent Paragraph 7 contains factual allegations, they are denied.

-- 2 --

8.      Paragraph 8 contains conclusions of law to which no responsive pleading is required.  To the extent Paragraph 8 contains factual allegations, they are denied.

9.      Paragraph 9 contains conclusions of law to which no responsive pleading is required.  To the extent Paragraph 9 contains factual allegations, they are denied.

10.     Paragraph 10 contains conclusions of law to which no responsive pleading is required.  To the extent Paragraph 10 contains factual allegations, they are denied.

11.     Admitted upon information and belief.

## PROCEDURAL AND ADMINISTRATIVE REMEDIES

12.     Defendant incorporates its responses to Paragraphs 1 through 11 as though fully set forth at length herein.

13.     Denied.  The evaluations and complaint are documents in writing which speak for themselves and all characterizations thereof are denied.

14.     Denied.  The November 6, 2009 Senate Committee decision is a document in writing which speaks for itself and all characterizations of it are denied.

9079876v.1

15.     Denied.

16.     Denied.

17.     Denied.  The January 20, 2010 notice is a document in writing which speaks for itself and all characterizations of it are denied.

18.     Denied as stated.

19.     Denied as stated.

20.     Admitted.

## FACTUAL BACKGROUND

21.     Defendant incorporates its responses to Paragraphs 1 through 20 as though fully set forth at length herein.

22.     Admitted.

23.     Denied.  The February 27, 2007 offer letter is a document in writing which speaks for itself and all characterizations thereof are denied.

24.     Denied.  The February 27, 2007 offer letter is a document in writing which speaks for itself and all characterizations thereof are denied.

25.     Denied.  The February 27, 2007 offer letter is a document in writing which speaks for itself and all characterizations thereof are denied.

26.     Denied.  The February 27, 2007 offer letter is a document in writing which speaks for itself and all characterizations thereof are denied.

27.     Denied.  The February 27, 2007 offer letter is a document in writing which speaks for itself and all characterizations thereof are denied.

28.     Denied.  The February 27, 2007 offer letter is a document in writing which speaks for itself and all characterizations thereof are denied.

29.     Denied.  The February 27, 2007 offer letter is a document in writing which speaks for itself and all characterizations thereof are denied.

30.     Denied.  The February 27, 2007 offer letter is a document in writing which speaks for itself and all characterizations thereof are denied.

31.     Denied.  The February 27, 2007 offer letter is a document in writing which speaks for itself and all characterizations thereof are denied.

32.     It is admitted that Penn State has a policy titled HR 23.  The remaining allegations contained in Paragraph 32 are denied.  Policy HR 23 is a

document in writing which speaks for itself and all characterizations thereof are denied.

33.    Denied.  The February 27, 2007 offer letter is a document in writing which speaks for itself and all characterizations thereof are denied.

34.    Denied.  The letters referenced in Paragraph 34 are documents in writing which speak for themselves and all characterizations thereof are denied.

35.    Denied.  The letter is a document in writing which speaks for itself and all characterizations thereof are denied.

36.    It is admitted that Penn State has a policy titled HR 40.  The remaining allegations contained in Paragraph 36 are denied.  Policy HR 40 is a document in writing which speaks for itself and all characterizations thereof are denied.

37.    Denied.  Dr. Wilson's May 28, 2008 letter is a document in writing which speaks for itself and all characterizations thereof are denied.

38.     Admitted.

39.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 39 and they are

9079876v.1

therefore denied.  By way of further answer, Dr. Wilson's narrative statement is a document in writing which speaks for itself and all characterizations thereof are denied.

40.     Denied.  Dr. Wilson's narrative statement is a document in writing which speaks for itself and all characterizations thereof are denied.

41.     Admitted.

42.     Admitted.

43.     Admitted.

44.     Denied.  Dr. Wilson's February 13, 2009 evaluation is a document in writing which speaks for itself and all characterizations thereof are denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Admitted.

49.     Denied.  The Dean's March 16, 2009 Review is a document in writing which speaks for itself and all characterizations thereof are denied.

-- 7 --

50.     Denied as stated.  It is admitted only that the University Promotion and Tenure Committee met on April 7, 2009.

51.     Denied.  The April 8, 2009 University Promotion and Tenure Committee ("P&T Committee") statement is a document in writing which speaks for itself and all characterizations thereof are denied.

52.     Admitted.

53.     Denied.  The sole dissenting opinion from the P&T Committee is contained in a document in writing which speaks for itself and all characterizations thereof are denied.

54.     Denied.  The April 24, 2009 notice from Dr. Paz is a document in writing which speaks for itself and all characterizations thereof are denied.

55.     Denied.  The May 30, 2009 Complaint is a document in writing which speaks for itself and all characterizations thereof are denied.

56.     Denied.  The November 6, 2009 Senate Committee letter is a document in writing which speaks for itself and all characterizations thereof are denied.

57.     Denied.  The November 6, 2009 Senate Committee letter is a document in writing which speaks for itself and all characterizations thereof are denied.

58.     Denied.  The November 6, 2009 Senate Committee letter is a document in writing which speaks for itself and all characterizations thereof are denied.

59.     Denied.  The November 6, 2009 Senate Committee letter is a document in writing which speaks for itself and all characterizations thereof are denied.

60.     Denied.  The November 6, 2009 Senate Committee letter is a document in writing which speaks for itself and all characterizations thereof are denied.

61.     Denied.  The November 6, 2009 Senate Committee letter is a document in writing which speaks for itself and all characterizations thereof are denied.

62.     Denied.  The November 6, 2009 Senate Committee letter is a document in writing which speaks for itself and all characterizations thereof are denied.

9079876v.1

63.     Denied.

64.     Denied.  The dossier is a document in writing which speaks for itself and all characterizations thereof are denied.

65.     Denied.

66.     Denied.  The December 21, 2009 Departmental Committee review is a document in writing which speaks for itself and all characterizations thereof are denied.

67.     Denied.  Dr. Wilson's December 22, 2009 Review is a document in writing which speaks for itself and all characterizations thereof are denied.

68.     Denied.  On January 12, 2010, the P&T Committee issued a recommendation.  The January 12, 2010 recommendation is a document in writing which speaks for itself and all characterizations thereof are denied.

69.     Denied.  Dr. Paz's January 20, 2010 letter is a document in writing which speaks for itself and all characterizations thereof are denied.

70.     Denied.

71.     Denied.

72.     Denied.

9079876v.1

## COUNT I
## 42 U.S.C. §1983 – Due Process
## Deprivation of Property Interest

73.     Defendant incorporates responses to Paragraphs 1 through 72 as though fully set forth at length herein.

74.     Paragraph 74 contains conclusions of law to which no responsive pleading is required.  To the extent Paragraph 74 contains factual allegations, they are denied.

75.     Paragraph 75 contains conclusions of law to which no responsive pleading is required.  To the extent Paragraph 75 contains factual allegations, they are denied.

76.     Denied.  Dr. Wilson's February 27, 2007 letter is a document in writing which speaks for itself and all characterizations thereof are denied.

77.     It is admitted that Penn State has a Policy HR 23.  Policy HR 23 is a document in writing which speaks for itself and all characterizations thereof are denied.

78.     Paragraph 78 contains conclusions of law to which no responsive pleading is required.  To the extent Paragraph 78 contains factual allegations, they are denied.

-- 11 --

79.     Paragraph 79 contains conclusions of law to which no responsive pleading is required.  To the extent Paragraph 79 contains factual allegations, they are denied.

80.     Paragraph 80 contains conclusions of law to which no responsive pleading is required.  To the extent Paragraph 80 contains factual allegations, they are denied.

81.     Denied.  Penn State Policy HR 23 is a document in writing which speaks for itself and all characterizations thereof are denied.

82.     Paragraph 82 contains conclusions of law to which no responsive pleading is required.  To the extent Paragraph 82 contains factual allegations, they are denied.

83.     Denied.  The memorandum is a document in writing which speaks for itself and all characterizations thereof are denied.

84.     Denied.

85.     Admitted.

86.     Denied.  The Senate Committee determination is contained in a document in writing which speaks for itself and all characterizations thereof are denied.

87.     Denied.  The Senate Committee determination is contained in a document in writing which speaks for itself and all characterizations thereof are denied.

88.     Denied.

89.     Denied.

90.     It is admitted that Plaintiff's faculty appointment was terminated.  The remaining factual allegations are denied.

91.     Admitted.

92.     Paragraph 92 contains conclusions of law to which no responsive pleading is required.  To the extent Paragraph 92 contains factual allegations, they are denied.

93.     Paragraph 93 contains conclusions of law to which no responsive pleading is required.  To the extent Paragraph 93 contains factual allegations, they are denied.

## COUNT II
## 42 U.S.C. §1983 – Due Process
## Deprivation of Liberty Interest -  Stigma Plus

94.    Defendant incorporates responses to Paragraphs 1 through 93 as though fully set forth at length herein.

95.    Paragraph 95 contains conclusions of law to which no responsive pleading is required.  To the extent Paragraph 95 contains factual allegations, they are denied.

96.    Denied.  The January 20, 2010 letter is a document in writing which speaks for itself and all characterizations thereof are denied.

97.    Denied.

98.    Denied.

99.    Denied.

100.    Paragraph 100 contains conclusions of law to which no responsive pleading is required.  To the extent Paragraph 100 contains factual allegations, they are denied.

## COUNT III
## BREACH OF CONTRACT

101.    Defendant incorporates responses to Paragraphs 1 through 100 as though fully set forth at length herein.

9079876v.1

102.   Denied.  The February 27, 2007 letter is a document in writing which speaks for itself and all characterizations thereof are denied.

103.   Paragraph 103 contains conclusions of law to which no responsive pleading is required.  To the extent Paragraph 103 contains factual allegations, they are denied.

104.   Paragraph 104 contains conclusions of law to which no responsive pleading is required.  To the extent Paragraph 104 contains factual allegations, they are denied.

105.   Paragraph 105 contains conclusions of law to which no responsive pleading is required.  To the extent Paragraph 105 contains factual allegations, they are denied.

106.   Paragraph 106 contains conclusions of law to which no responsive pleading is required.  To the extent Paragraph 106 contains factual allegations, they are denied.

107.   Paragraph 107 contains conclusions of law to which no responsive pleading is required.  To the extent Paragraph 107 contains factual allegations, they are denied.

108.   Denied.

109.   Denied.

110.   Denied.

111.   Paragraph 111 contains conclusions of law to which no responsive pleading is required.  To the extent Paragraph 111 contains factual allegations, they are denied.

112.   Paragraph 112 contains conclusions of law to which no responsive pleading is required.  To the extent Paragraph 112 contains factual allegations, they are denied.

113.   Paragraph 113 contains conclusions of law to which no responsive pleading is required.  To the extent Paragraph 113 contains factual allegations, they are denied.

114.   Denied.  After reasonable investigation, Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 114 and the same are therefore denied.

**WHEREFORE**, Defendant The Pennsylvania State University respectfully requests judgment in its favor and against Plaintiff, together with reasonable costs and attorney's fees.

## AFFIRMATIVE DEFENSES

Defendant states the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff. Defendant also reserves the right to assert such additional defenses that may become applicable during the course of this litigation.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

At all material times, any actions taken by Penn State with respect to the terms, conditions or privileges of Plaintiff's employment were taken for legitimate reasons.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's employment was terminated for legitimate reasons.

## FOURTH  AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages or losses, such damages or losses were caused in whole or in part by Plaintiff's own acts, omissions or conduct.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, by her failure to mitigate damages.

9079876v.1

## SIXTH  AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief.

## SEVENTH  AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, by the applicable statute(s) of limitations and/or any other applicable limitations period.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to establish any basis for asserting a claim for compensatory damages.

## NINTH AFFIRMATIVE DEFENSE

Penn State denies that Plaintiff has suffered any emotional, psychological and/or physical distress or injury to her reputation whatsoever as a result of any actions taken by Penn State, and any condition allegedly suffered by Plaintiff is attributable to causes wholly independent of Penn State's alleged actions.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred because Plaintiff failed to exhaust her administrative remedies or to meet the jurisdictional prerequisites, statutory requirements or conditions precedent for maintaining all or part of this action.

## ELEVENTH AFFIRMATIVE DEFENSE

No action or inaction of Penn State caused Plaintiff harm at any time.

9079876v.1

## <u>TWELFTH AFFIRMATIVE DEFENSE</u>

Penn State reserves the right to assert additional defenses as they may become known through the course of discovery.

**WHEREFORE**, Defendant The Pennsylvania State University respectfully requests judgment in its favor and against Plaintiff, together with reasonable costs and attorney's fees.

Respectfully submitted,

WHITE AND WILLIAMS LLP

/s/ Nancy Conrad

Date:  April 17, 2012

Nancy Conrad, Esquire
Attorney I.D. No. 56157
3701 Corporate Parkway, Suite 300
Center Valley, PA 18034
(610) 782-4909
conradn@whiteandwilliams.com
Attorney for Defendant,
The Pennsylvania State University
d/b/a Pennsylvania State University,
College of Medicine

9079876v.1

# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Catherine Beckwith, | : CIVIL ACTION |
| | : |
| Plaintiff, | : |
| | : No. 4:12-cv-0108 |
| v. | : |
| | : |
| The Pennsylvania State University d/b/a | : JURY TRIAL DEMANDED |
| Pennsylvania State University, College of | : |
| Medicine | : |
| | : |
| Defendant. | : |

## CERTIFICATE OF SERVICE

I, Nancy Conrad, Esquire, hereby certify that on April 17, 2012, I caused a true and correct copy of the foregoing ANSWER TO THE COMPLAINT WITH AFFIRMATIVE DEFENSES to be served upon the following persons by placing the same in the United States mail, first-class and postage prepaid and/or via the Electronic Case Filing System of the United States District Court for the Middle District of Pennsylvania:

Gregory E. Monskie, Esquire
Benn Law Firm
103 East Market Street
P O Box 5185
York, PA 17405
717-852-7020
gmonski@bennlawfirm.com
**Attorney for Plaintiff**

**WHITE AND WILLIAMS LLP**

/s/ Nancy Conrad
Nancy Conrad, Esquire
Identification No. 56d157
3701 Corporate Parkway, Suite 300
Center Valley, PA 18034
610.782.4909
conradn@whiteandwilliams.com
Attorney for Defendant,
The Pennsylvania State University
d/b/a Pennsylvania State University,
College of Medicine

9079876v.1