IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CATHERINE BECKWITH,           :        Civil Action No. 4:12-CV-0108
                              :
          Plaintiff,          :        (Judge Brann)
                              :
     v.                       :
                              :
THE PENNSYLVANIA STATE        :
UNIVERSITY, *d/b/a*           :
*PENNSYLVANIA STATE*          :
*UNIVERSITY COLLEGE OF*       :
*MEDICINE*,                   :
                              :        (Magistrate Judge Carlson)
          Defendant.          :

## MEMORANDUM OPINION

January 12, 2015

**BACKGROUND:**

On January 19, 2012, plaintiff, Catherine Beckwith (hereinafter "Beckwith")

filed the instant action against The Pennsylvania State University, specifically its

College of Medicine (hereinafter "Penn State").  Beckwith had been employed as a

tenure-track associate professor.  Beckwith alleges that Penn State violated her due

process rights and breached an employment contract when it terminated her

employment.

The matter was jointly assigned to Chief Magistrate Judge Martin C.

Carlson, and, accordingly, when Penn State filed a Motion for Summary Judgment

1

he prepared a report and recommendation on the motion.   Chief Magistrate Judge Carlson's recommended disposition of the motion was that it be granted in full, and the case be dismissed in its entirety. ECF No. 38.  Plaintiff filed objections to the report and recommendation, and Defendant filed a response.  The matter is now ripe for disposition.

**DISCUSSION:**

Pursuant to Middle District Local Rule 72.3, the district court reviews *de novo* those portions of a magistrate judge's report and recommendation to which a party objects.  The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

The Court has thoroughly reviewed the assiduous report and recommendation of the Chief Magistrate Judge, adopts it in its entirety, and incorporates it by reference into this Order.  To conserve judicial resources, the Court will not rehash the sound reasoning of the Chief Magistrate Judge, but will instead address each of Plaintiff's objections in turn.

First, at Beckwith's second year review, it was communicated to her that her employment terminate on June 30, 2009.  Beckwith's first objection to the report and recommendation is her assertion that there was procedural unfairness in her second year review never cured by Penn State.

It is undisputed that when Penn State's College of Medicine concluded at Beckwith's second-year review that she not continue on tenure track, she filed a petition for review with the University Faculty Senate Committee on Faculty Rights and Responsibilities (hereinafter "the Committee").  The Committee concluded that there had, in fact, been procedural unfairness in the process.  The Committee recommended that Beckwith be re-evaluated on the basis of criteria that had been communicated to her as expectations for research.  ECF No. 32-3 at 99-104.

As a result, Beckwith's employment continued past June 30, 2009, based on the Committee's recommendation that she be given more time to meet Penn State's research expectations and that she later be re-reviewed.  Following the second review, Penn State again determined that Beckwith should not be continued on tenure track, and, in 2010, she was correspondently notified that her employment would terminate as of June 30, 2011.  Beckwith then filed a second, and subsequently, a third petition with the Committee, both of which were denied.

Beckwith argues that post-deprivation remedy was "a sham" and that Penn State "wanted to rid itself of Beckwith as an employee and pulled a bait and switch in her second-year review." ECF No. 40 at 8-9.  She further argues that "to call this due process is a farce." *Id.* at 10.

Despite Plaintiff's colorful rendition of the review process, she cites to nothing that demonstrates that the Chief Magistrate Judge was incorrect in his conclusion that "Beckwiths's dossier was revised in accordance with [] the Committee's decision...she was re-reviewed....Beckwith filed two more petitions with [] the Committee...[and] that evidence indicates not only that Penn State conducted Beckwith's second-year promotion and tenure review in accordance with University procedures, but also that Beckwith successfully availed herself of the protections offered by [Penn State policy] by persuading the Faculty Senate Committee that there had been a specific instance of procedural unfairness with respect to the review of her dossier, and in having the promotion and tenure review reconsidered after her dossier was revised." ECF No. 38 at 8-19.[1]

Beckwith's dissatisfaction with her ability to convince Penn State not to terminate her employment does nothing to overcome the legal insufficiency in her allegation of deprivation of due process. "A suit based on a wrongful act that

---

[1]This is assuming that the Chief Magistrate Judge was correct in determining that Beckwith was entitled to due process protections based on an internal memorandum from Penn State's general counsel which states that Penn State has obligations to conduct promotion and tenure review pursuant to the due process clause. Neither party objected to this conclusion. Thus, to conserve judicial resources, the Court will accept the Chief Magistrate Judge's conclusion, limited, however, by this footnote, which indicates to future litigants, that this position has not been independently reviewed by this Court, and, therefore, has no preclusive or binding effect in future actions.

ignores the existence of a post-deprivation remedy is, in effect, one that considers only partial or unfinished state action." *Morris v. McKeever*, 655 F. Supp. 388, 391 (W.D. Va. 1987) (Turk, C.J.).  Due process only requires the post-deprivation remedy be meaningful; not that the post-deprivation remedy result in Beckwith's demanded outcome.  *See id.*  The post-deprivation remedy in this instance was, in fact, meaningful - Beckwith was able to convince the Committee to have her dossier and accompanying expectations changed to match those anticipated by her offer; she was employed for two additional years; she was re-reviewed; and she appealed to the Committee twice more.  The Court can not conceive of a more meaningful post-deprivation remedy.  The post-deprivation remedy accorded Beckwith was not a sham; the due process accorded her was not a farce. Beckwith's due process claims fail.

Beckwith's second argument is that the employment contract's terms are, "at a minimum" ambiguous; that a jury should determine if the offer letter included a six-year term of employment; and, furthermore, that the re-review process contained the same procedural errors as the initial review process.  ECF No. 40 at 12.

The offer letter states, in relevant part,

Your appointment to the faculty will be as an Associate Professor of Comparative Medicine in The Pennsylvania State University College of

Medicine.  This appointment is a tenure-eligible position with zero (0) years credit towards tenure.  This is a six-year process, but consideration for earlier tenure is possible based on your performance.  You will receive 2nd and 4th year reviews.  Your appointment as an Associate Professor of Comparative Medicine is subject to the policies of The Pennsylvania State University and the College of Medicine regarding faculty appointments.

ECF No. 32-3 at 38-42.

Chief Magistrate Judge Carlson wrote, in relevant part, that "Beckwith must come forward with evidence to show that [] she had a contract with Penn State for a definite term...[i]n her interpretation of the letter, however, Beckwith studiously ignores or discounts that the letter expressly state that Beckwith's employment would be subject to the policies of the University...[i]mportantly those very policies provide for non-reappointment during the provisions period of employment - in other words, during the period before a professor is awarded tenure."  ECF No. 38 at 28-9.

The Court agrees with the Chief Magistrate Judge in that even when the disputed facts are viewed in the light most favorable to Beckwith by accepting her contention that there was a contract for a definite term (which the undersigned is not convinced that there was), nevertheless, Penn State did not breach that contract because it terminated her pursuant to its tenure review policies.  Beckwith's breach of contract argument that the procedure was flawed is "essentially attempting to

secure through a breach of contract action a *de novo* review of [Penn States']

decision to deny her tenure.  This she cannot do"  *Shepard v. Temple Univ.*, 2008

PA Super 93, ¶ 15, 948 A.2d 852, 857 (2008), *citing Baker v. Lafayette College*,

350 Pa.Super. 68, 504 A.2d 247, 256 (1986).  For this reason, Beckwith's breach

of contract claim also fails.


**CONCLUSION:**

Plaintiff's objections do nothing to overcome the legal insufficiencies

identified by the Chief Magistrate Judge.  Accordingly, his report and

recommendation is adopted in its entirety, and an Order in accordance with the

instant Memorandum will issue this date.

BY THE COURT:


 s/ Matthew W. Brann
Matthew W. Brann
United States District Judge